# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| WILLIAM WEST, § | Docket No. | |
| individually and on behalf § | | |
| of all others similarly situated, § | | |
| § | | |
| Plaintiff, § | | |
| § | **JURY TRIAL DEMANDED** | |
| v. § | | |
| § | | |
| NINE ENERGY SERVICE, LLC § | | |
| § | **COLLECTIVE ACTION** | |
| Defendant. § | **PURSUANT TO 29 U.S.C. § 216(b)** | |

## COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1. William West ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Nine Energy Service, LLC ("Defendant").

2. Plaintiff and his coworkers were employed by Defendant as oilfield personnel, performing technical and manual labor job duties for tubing conveyed perforating ("TCP"), wireline, and packer jobs for oil and gas service companies.

3. Defendant required Plaintiff and other similarly situated oilfield personnel to work at least 12 hours a day, for at least 7 days a week. As a result, these workers often worked weeks consisting of 84 hours or more.

4. Defendant paid all of its oilfield personnel a salary and ticket bonus, regardless of the number of hours worked. Further, Plaintiff and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

5. This collective action alleges that Defendant misclassified Plaintiff and all oilfield personnel as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II.   JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.   THE PARTIES

8. Defendant employed West as a specialist/hand within the statutory time period. Defendant paid Plaintiff a salary and bonus without overtime. Plaintiff's consent to be a plaintiff is attached as Exhibit 1.

9. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL SPECIALISTS/HANDS EMPLOYED BY NINE ENERGY SERVICE, LLC IN THE PAST 3 YEARS WHO WERE PAID A SALARY AND BONUS AND NO OVERTIME COMPENSATION.**

10. **Nine Energy Service, LLC** may be served with process through its registered agent: **CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201**.

## IV.   COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

15. Nine is a nationwide oilfield services with significant completion and land drilling operations throughout the United States. Nine employs oilfield personnel to serve its clients, exploration and production companies. These individuals make up the proposed Putative Class Members. While exact job titles may differ, these employees are subject to the same or similar illegal pay practices for similar work.

16. Specifically, the primary job duties of the Putative Class Members included operating oilfield machinery, collecting/relaying data, and reporting reports of daily activities to both field and remote supervisors for analysis. The Putative Class Members would conduct their day-to-day activities within designated parameters and in accordance with a predetermined well, workover, completion and operational plans.

17. The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. The Putative Class

Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

18. The Putative Class Members also worked similar hours and were both denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a base salary plus a ticket bonus. Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 in a single work week. As the controlling law makes clear, the manual labor/technical duties which were performed by the Putative Class Members consists of *non*-exempt work. Therefore, Defendant owes back overtime wages to hundreds of their employees, all of whom work long hours each workweek.

## VI. FLSA VIOLATIONS

19. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

20. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation and intentional

misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

21. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

22. As described above, Plaintiff and all Putative Class Members were victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

23. Many Putative Class Members worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

24. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

25. Plaintiff and all Putative Class Members received a salary and ticket bonus, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

26. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

27. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

28. Plaintiff's experience is typical of the experiences of all Putative Class Members.

## VIII. JURY DEMAND

29. Plaintiff demands a trial by jury.

## IX. RELIEF SOUGHT

30. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

    b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

    c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

    d. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

    e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

    f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

    g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    Jessica M. Bresler
    Fed Id. 2459648
    State Bar No. 24090008
    Andrew W. Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    jbresler@fibichlaw.com
    adunlap@fibichlaw.com
    litkin@fibichlaw.com

    **AND**

    **BRUCKNER BURCH, PLLC**
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**